<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HIGH POINT INSURANCE COMPANY, a/s/o PAMELA DONAR, | : : : | |
| Plaintiff, | : : | Civil Action No. 05-3704 (JAG) |
| v. | : : : | OPINION |
| ADT SECURITY SERVICES, INC., et al., | : : | |
| Defendants. | : | |

**<u>ARLEO, U.S.M.J.</u>**

This matter comes before the Court on the motion for summary judgment by Defendant ADT Security Services, Inc. ("ADT"), pursuant to FED. R. CIV. P. 56. For the reasons set forth below, Defendant's motion will be granted.

<u>BACKGROUND</u>

This dispute arises out of a fire on August 30, 2003 at the house of Pamela Donar ("Donar"). Donar had an agreement with alarm service provider ADT, pursuant to which ADT had installed equipment in Donar's house. High Point Insurance Company ("High Point") insured Donar's house and paid Donar for the fire damage. High Point alleges that the fire was caused by the equipment ADT had installed in the house.

On April 27, 2005, High Point, as Donar's subrogee, filed a Complaint against ADT in Superior Court of New Jersey, which was removed to this Court on July 25, 2005, based on diversity of citizenship. In the Complaint, High Point alleged negligence, breach of express and

implied warranties of fitness, and breach of express and implied warranties of merchantibility.

On October 14, 2005, Defendant filed the instant motion for summary judgment. The parties gave their written consent to the exercise of jurisdiction by a Magistrate Judge on January 5 and 9, 2006. On January 30, 2006, Judge Joseph A. Greenaway, Jr. referred this case to this Court, pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73.

## LEGAL STANDARD

### I.   Summary Judgment

Summary judgment is appropriate under FED. R. CIV. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

"When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003) (quoting United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991)). "[W]ith

respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. Jersey Cent. Power & Light Co. v. Lacey Township, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. Anderson, 477 U.S. at 248; Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990); see also FED. R. CIV. P. 56(e) (requiring nonmoving party to "set forth specific facts showing that there is a genuine issue for trial"). "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001).

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Katz v. Aetna Cas. & Sur. Co., 972 F.2d 53, 55 (3d Cir. 1992) (quoting Celotex, 477 U.S. at 322-23).

**DISCUSSION**

I.     **Defendant's motion for summary judgment**

ADT moves for summary judgment on two grounds: 1) Donar waived the right of subrogation in her contract with ADT; and 2) this action is time-barred by the limitations provision in that contract.

ADT contends that this action is barred by a one-year limitation of action provision in the contract executed by Donar and ADT.  This provision states: "You agree to file any lawsuit or other action you may have against us . . . within one (1) year from the date of the event that caused the loss, damage or liability."  (Day Cert. Ex. B ¶ 10.)  Because the event that caused the loss occurred on August 30, 2003, and High Point filed its Complaint on April 27, 2005, ADT argues that it is untimely filed.  This Court agrees.

High Point makes two arguments in response: 1) the parties could not have intended that this provision applies to an action for negligence; and 2) this Court should apply the principle of equitable tolling to find that this action was timely filed.

The parties agree that this contract must be interpreted according to the law of New Jersey.  "Interpretation and construction of a contract is a matter of law for the court."  Young v. Prudential Ins. Co. of Am., 297 N.J. Super. 605, 621 (N.J. Super. Ct. App. Div. 1997).

The limitation of action provision states that it applies to "any lawsuit."  This language could not be more clear or unambiguous.  Plaintiff offers nothing to support its argument that the parties did not intend this to apply to an action for negligence.   This is mere unsupported allegation, which is insufficient to defeat a motion for summary judgment.

High Point's equitable tolling argument is also unpersuasive, as High Point argues for

equitable tolling without arguing for equity.  The fundamental principle underlying equitable tolling is that a "limitations period should not become a[n] instrument of injustice."  Price v. N.J. Mfrs. Ins. Co., 182 N.J. 519, 527 (2005).  See also Azze v. Hanover Ins. Co., 336 N.J. Super. 630, 637 (N.J. Super. Ct. App. Div. 2001) (allowing equitable tolling when strict enforcement of a limitations provision would be "unfair").  In its brief, High Point does not explain how enforcing the limitations provision would be unfair or would create injustice.  Nor is any injustice apparent.

     High Point makes an argument that might deserve consideration had it come from a naive consumer: in all its correspondence with ADT, ADT never mentioned any contractual limitation provision.  (Pl.'s Opp. Br. 8.)  Coming from an insurance company, however, the argument that it is unfair to enforce a contractual provision that High Point never asked about is unconvincing.  There appears to be no unfairness in strictly enforcing a limitation provision against a sophisticated party in a business which deals with issues of recovery and timeliness on a daily basis.

     Rather, on this record, the equities favor strict enforcement of the limitations provision.  Following a fire, a sophisticated insurer receives a claim, asserts that ADT is liable, but fails to inquire into its insured's contract with the party it believes to be liable.  High Point has not alleged fraud or any kind of foul play on ADT's part; High Point's failure to learn of the provision is solely due to its own inaction.  This does not support a conclusion that enforcing the limitation provision is unfair, nor does High Point's plight sufficiently trouble the conscience of a court of equity to justify its intervention.  See Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co., 324 U.S. 806, 814 (1945) (a "court of equity [is] a vehicle for affirmatively enforcing

5

the requirements of conscience and good faith.").

Moreover, the appeal to equity appears especially weak in the context of subrogation. The New Jersey Supreme Court has stated the fundamental principle underlying subrogation as follows:

> This principle has been frequently expressed in the form that the rights of the insurer against the wrongdoer cannot rise higher than the rights of the insured against such wrongdoer, since the insurer as subrogee, in contemplation of law, stands in the place of the insured and succeeds to whatever rights he may have in the matter.

Aetna Ins. Co. v. Gilchrist Bros., Inc., 85 N.J. 550, 561 (1981). The Court proceeded to state: "No additional rights are created." Id.

If High Point can have no greater rights than those of the insured whose shoes it steps into, it cannot claim entitlement to an equitable remedy that its insured could not claim. High Point does not assert that Donar will suffer injustice by the enforcement of the limitations provision. High Point has not explained how the equitable entitlement of a subrogee could differ from that of the subrogor.

Because this Court determines that this action is time-barred, it need not reach the issue of the waiver of subrogation provision.

## **CONCLUSION**

For the reasons stated above, this Court determines that Defendant has demonstrated that "there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). This action is untimely and barred by the contract's one-year limitation of actions provision. Summary judgment is granted in Defendant's favor.

                                         *s/Madeline Cox Arleo*
                                         MADELINE COX ARLEO
                                         United States Magistrate Judge

Dated: June 29, 2006